# Lowe, Appellant, *v.* Hood.

*Vendor and vendee—Agreement as to profits on resale—Time—Principal and agent.*

Where an agreement for sale of real estate provides for settlement within sixty days and further provides that "in the event of a resale of the above premises the profits therefrom are to be equally divided between" the agent of the vendor and the vendee, the agreement will be construed as contemplating a resale within the sixty days, and not a sale several years afterwards.

Argued January 4, 1923. Appeal, No. 272, Jan. T., 1922, by plaintiff, from decree of C. P. No. 1, Phila. Co., Sept. T., 1920, No. 7692, dismissing bill in equity, in case of Marie A. Lowe v. Henry C. Hood. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for accounting. Before PATTERSON, J.

The facts appear by the opinion of the Supreme Court. Bill dismissed. Plaintiff appealed.

*Error assigned* was decree, quoting it.

*R. W. Archbald, Jr.,* of *Scott, Van Dusen, Archbald & Johnson,* for appellant.

*Stanley Folz,* of *Sundheim, Folz & Kun,* for appellee.

OPINION BY MR. JUSTICE SADLER, January 29, 1923:

Marie A. Lowe owned five houses in the City of Philadelphia, and entered into an agreement to sell them to defendant, Hood, for the sum of $10,000. The contract was made through her agent, Peterson, and, at her direction, he entered into a writing which provided, in part, "the said parties hereby bind themselves......for the faithful performance of the above agreement within sixty days from the date hereof, said time to be the essence of this agreement, unless extended by mutual consent in writing endorsed hereon. It is specifically understood and agreed between the parties hereto that in the event of a resale of above premises the profits thereof are to be divided equally between the said Peterson and Hood." On October 25, 1916, the purchase price was paid and the title conveyed to defendant.

In 1919 and 1920, Hood resold the properties at an advance, and later, a bill was filed asking for an accounting of the surplus received in excess of the original purchase price. Peterson was joined as plaintiff, but counsel subsequently withdrew his name as a party. An answer was interposed, averring that the agreement contemplated a resale within a limited time, and that only under such circumstances was an additional sum payable. Evidence of the facts above narrated was offered at the trial, and proof given of the subsequent conveyances at an increased price. The defendant asked that the proceeding be dismissed, and the request was granted

by the court below on the ground that a liability for profits was dependent upon a retransfer within the period of sixty days, which it held the contract fixed. The correctness of the conclusion reached is raised by the assignment of error now brought before us.

The written agreement clearly indicates the intention of the parties to have been that Peterson, who signed as agent for plaintiff, should have an opportunity to find a new purchaser, willing to pay a larger consideration, before the time fixed for settlement by the defendant, Hood, and, in case this was done, to receive a share of the increase obtained. Assuming Mrs. Lowe was entitled to the benefit of profits accruing, the parties evidently contemplated that a further sum should be paid only if such should be earned within the time set forth. Even though the period of sixty days had not been designated, it should be held that such action within a reasonable time was intended; here, nearly four years had passed.

The suggestion that, in any event, profits which may have been received from the resale should be paid to Peterson, who acted as agent for the plaintiff, need not be considered. While acting for his principal, he would be compelled to account for any secret advantage received, but, when he consummated the transaction for which he was employed, and thereafter entered the service of another,—and apparently in this case he was making an effort to secure a second purchaser for the proposed vendee,—the commissions agreed upon would be payable to him. So far as the vendor was concerned, she made the sale on her own terms, and the agent, in contracting for further compensation should he succeed in interesting a new party, did her no injury.

The court below rested its decision correctly on the proposition that the plaintiff had no additional rights under the agreement, unless a profitable resale occurred within sixty days. Its construction of the writing is unanswerable, and the only assignment of error is therefore overruled.

The decree is affirmed at the cost of appellant.